**Alexander C. Johnson, Jr.**, Oregon State Bar No. 782588
alex@techlaw.com
**Hillary A. Brooks**, Oregon State Bar No. 012138
hillary@techlaw.com
MARGER JOHNSON & McCOLLOM, P.C.
210 SW Morrison Street, Ste. 400
Portland, Oregon  97204
Phone: (503) 222-3613
Fax:     (503) 274-4622

**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **TOO MARKER PRODUCTS, INC.**, a Japanese corporation, and **IMAGINATION INTERNATIONAL, INC.**, an Oregon corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**SHINHAN ART MATERIALS, INC.**, a Korean corporation, **SHINHAN USA**, **C2F, INC.**, an Oregon corporation, and **BONGKEUN HAN**, an individual,<br>Defendants. | Case No. CV-09-1013-PK<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**EXPEDITED HEARING REQUESTED** |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER**

Plaintiffs, by and through their undersigned counsel, hereby submit this Memorandum in Support of their Motion for Temporary Restraining Order.  Plaintiffs request that the Court issue a temporary restraining order to restrain Defendants from further acts of infringement pending a ruling on Plaintiff's Motion for Preliminary Injunction.  The

-2-

filing of this motion was necessitated by Defendants' filing of a two month time extension on the pending Plaintiff's Motion for Preliminary Injunction.

## I.  INTRODUCTION

Since at least July 2009, Defendants have been importing and selling their square-bodied TOUCH markers in the U.S.  Plaintiffs notified Defendants of their trademark rights with respect to the square-bodied marker configuration, and Defendants' infringement thereof, in August 2009.  Over the next several months, Defendants indicated that they wanted to resolve the dispute, but then steadfastly refused to stop selling the TOUCH markers in the U.S.  Consequently, Plaintiffs were forced to move the Court for a preliminary injunction.

Now, several months after Defendants' notice of the issues raised in this case, Defendants are asking the Court for an extension to answer the Complaint and to respond to the Motion for Preliminary Injunction.  The requested extension conveniently allows Defendants to continue selling and marketing their infringing marks through the holiday season and at important industry trade shows in early 2010 before the Court rules on the Motion.  Thus, the timing of Defendants' requested extension magnifies the harm to both Plaintiffs and the public from Defendants' infringing activities.  Consequently, Plaintiffs request that the Court issue a temporary restraining order to stop Defendants from selling and marketing their infringing products pending a resolution on the Motion for Preliminary Injunction.

## II.  STATEMENT OF FACTS

These facts are intended to supplement those presented in the Memorandum In Support of Plaintiffs' Motion for Preliminary Injunction (the "Preliminary Injunction Memorandum") filed on October 27, 2009, and detailing the relationship of the parties and the facts giving rise to this suit.  These supplementary facts became relevant in view of Defendants' Motion for Extension of Time to Answer filed on November 4, 2009.

Plaintiffs first contacted Defendants regarding the sale of Defendants' TOUCH markers in the U.S., and the resulting infringement of Plaintiffs' product configuration, on August 11, 2009.  DECLARATION OF JOHN DARLAND ("DARLAND DECL."), at ¶ 2.  Since that time the parties have attempted to settle the dispute, including repeated overtures from Defendants that settlement was possible.  *Id*. at ¶ 3.  But Defendants have refused to stop selling the TOUCH markers in the U.S. and will not commit to a redesign of their TOUCH products, which are necessary elements of any settlement.  *Id*. at ¶ 4.  After stringing Plaintiffs along for almost four months with talks of settlement, Defendants are now asking for a two-month extension to respond to the Motion for Preliminary Injunction and accusing Plaintiffs of delay.  *See* Defendants' Motion for Order Extending Time to Respond to Plaintiffs' Motion for Preliminary Injunction filed November 4, 2009, p. 2.

Conveniently, if granted, this extension will allow Defendants to continue selling their TOUCH markers in the U.S. through the holiday season.  Further, two of the largest industry trade shows, the Craft and Hobby Association Winter Convention and Trade Show and the NAMTA Convention and Trade Show, both occur early in 2010.  DARLAND DECL., at ¶ 5. Thus, Defendants' requested extension will allow them to promote infringing markers at one or both of these important trade shows before an injunction can issue.  Consequently,

Plaintiffs request that the Court issue a temporary restraining order to prevent further infringing sales in the U.S. pending a resolution on the Motion for Preliminary Injunction.

## III.  ARGUMENT

### A.      Legal Standard for Granting a Preliminary Injunction

The Court has discretion to issue both a TRO and a preliminary injunction under Fed. R. Civ. P. 65 and the legal standards for granting both are identical.  *See Whitman v. Hawaiian Tug & Barge Corporation/Young Bros., Ltd. Salaried Pension Plan,* 27 F.Supp.2d 1225, 1228 (D.Haw. 1998); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D.Cal. 1995); *see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 (9th Cir. 2001).  "The sole purpose of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits."  *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009).  "A temporary restraining order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction."  *Brown Jordan Intern., Inc. v. Mind's Eye Interiors, Inc.*, 236 F.Supp.2d 1152, 1154 (D.Hawai'i 2002).  The "status quo" refers to the "the last, uncontested status which preceded the pending controversy."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)

In the Ninth Circuit, the party seeking a temporary restraining order must establish a likelihood of success on the merits, a likelihood of suffering irreparable harm in the absence of preliminary relief, that the balance of equities tips in favor of the moving party, and that an injunction is in the public interest.  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  Plaintiffs can establish each of these elements and thus the Court should grant Plaintiffs' Motion for a Temporary Restraining Order.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

**B.      Plaintiffs are Likely to Succeed on the Merits of their Federal Trade Dress Infringement and Unfair Competition Claims Given the Near Identity of the Respective Configurations**

As discussed in the Preliminary Injunction Memorandum, Plaintiffs are likely to succeed on the merits of their federal trade dress infringement claim because Defendants' TOUCH markers are nearly identical to Plaintiffs' product configuration and trade dress. Further, Plaintiffs are likely to succeed on the merits of their unfair competition claim because Defendants' TOUCH markers are nearly identical to Plaintiffs' distinctive square-bodied product configuration and square end cap trade dress. The same analysis applied in the Preliminary Injunction Memorandum applies equally here. *See Whitman,* 27 F.Supp.2d at 1228. Thus, for purposes of the Motion for Temporary Restraining Order, Plaintiffs are likely to succeed on the merits of the trademark infringement and unfair competition claims.

**C.      Plaintiffs Will Continue to Suffer Irreparable Harm if Defendants are Permitted to Continue Their Infringing Activities for Several More Months**

In addition to the many forms of harm detailed in the Preliminary Injunction Memorandum, Defendants are now trying to delay the preliminary injunction until after the holiday season and two major industry trade shows. Accordingly, Defendants stand to make significant sales if left unabated through the holiday season. Further, the holiday season, and subsequent trade shows, presents a major opportunity for Defendants to increase market share with their infringing products to Plaintiffs' detriment. Plaintiffs will be harmed both in the short term due to lost sales and in the long term due to the loss of goodwill caused by customers buying Defendants' low-quality TOUCH markers believing them to be Plaintiffs' markers. Defendants' appearance at the upcoming trade shows will have a similar effect.

The purpose of a preliminary injunction is to preserve the status quo pending a decision on the merits and the purpose of a temporary restraining order is to preserve the status quo until a hearing on the preliminary injunction. *See Sierra Forest*, 577 F.3d at 1023; *Brown Jordan*, 236 F.Supp.2d at 1154. In this case, the last uncontested status was prior to Defendants' introduction of the TOUCH version 3 marker in the U.S. In pressing for delay, Defendants are hoping to change the status quo over the next several months by increasing their penetration into the U.S.

In the Motion to Extend Time to Answer the Preliminary Injunction Motion, Defendants contend that Plaintiffs will not be harmed by further delay because Plaintiffs delayed filing the Preliminary Injunction Motion from June to October. *See* Defendants' Memorandum In Support of Motion for Order Extending Time to Respond to Plaintiffs' Motion for Preliminary Injunction, p. 3. However, as Defendants are aware, the parties were actively involved in negotiations during this time in an effort to resolve this dispute. Only when it was clear that no settlement was likely to be reached did Plaintiffs resort to preparing and then filing the Preliminary Injunction Motion. Accordingly, this three-month delay to pursue settlement does not demonstrate that Plaintiffs will not be harmed by further delay, as Defendants contend. *See, e.g.*, *Ocean Garden, Inc. v. Marktrade Co.*, 953 F.2d 500, 508 (9th Cir. 1991) (settlement negotiations excuse six-month delay from filing complaint to moving for preliminary injunction in trade dress case).

Consequently, the immediacy and significance of irreparable harm Plaintiffs are facing due to Defendants' delay tactics justifies issuance of a temporary restraining order.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

**D.    The Balance of Equities Favors Plaintiffs Over Defendants Because Defendants Brought This Harm on Themselves**

As discussed in the Preliminary Injunction Memorandum, the balance of equities weighs in favor of Plaintiffs because Defendants brought this suit upon themselves by deliberately redesigning their markers to copy Plaintiffs' markers.  Now, Defendants have moved the Court for an extension of time to delay resolution of the pending Motion for Preliminary Injunction until after the holiday season and two major trade shows.  Defendants have had ample opportunity to investigate this matter, as the parties have been in discussions for nearly four months.  Therefore, Defendants can have no valid reason to request an extension other than simple delay.[1]  Consequently, the balance of equities weighs heavily in favor of issuance of the temporary restraining order.

**E.    Trademark Law Protects the Public from Confusion and Thus the Public Interest Favors Issuance of a Temporary Restraining Order**

The same arguments presented in the Preliminary Injunction Motion with respect to protecting the public from confusion apply here.  Trademark law acts to protect the public from confusion.  *Phillip Morris USA Inc. v. Shalabi*, 352 F.Supp.2d 1067, 1075 (C.D.Cal.2004) (*citing Inwood Labs., Inc. v. Ives Labs. Inc.*, 456 U.S. 844, 854 n. 14, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982)).  By continuing to import and sell their infringing TOUCH markers, Defendants are causing consumer confusion.  Delaying issuance of the preliminary injunction and allowing Defendants to continue unabated in the interim will only

---

[1] Defendants argue that an extension is needed to facilitate discovery.  However, the hearing on a preliminary injunction is not a trial on the merits and requires less evidence than a full trial.  *University of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834 (1981).  Moreover, Plaintiffs' Motion for Preliminary Injunction does not raise any issues that would require factual development through discovery on Defendants' part. Thus, Defendants' assertions regarding discovery are not credible.

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

increase this harm.    Consequently, the public interest favors issuance of a temporary restraining order.

## IV.  CONCLUSION

Plaintiffs product configuration and trade dress, and associated goodwill, are substantial assets of Plaintiffs' businesses.  Defendants have purposefully entered the U.S. market with a product configuration that copies Plaintiffs' in order to confuse consumers as to the source of their marker products.  Now, Defendants are asking the Court to delay ruling on the Motion for Preliminary Injunction until after the holiday season, unjustifiably increasing the harm to Plaintiffs' business and the public.  Therefore, the Court should exercise its discretion to issue a temporary restraining order pending a resolution on Plaintiff's Motion for Preliminary Injunction.    Plaintiff is prepared to post bond, if so required by the Court.

Respectfully submitted,


__s/Hillary A. Brooks_____
Hillary A. Brooks, OSB No. 012138
MARGER JOHNSON & McCOLLOM, P.C.
210 SW Morrison Street, Ste. 400
Portland, Oregon 97204
Telephone: (503) 222-3613
Facsimile: (503) 274-4622

**Attorney for Plaintiffs**


MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**
on:

Brenna Legaard
Susan D. Pitchford
Chernoff, Vilhauer, McClung & Stenzel, LLP
601 SW Second Avenue
Suite 1600
Portland, Oregon 97204-3157


☐    by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to Defendant's last-known address and deposited in the U.S. mail at Portland, Oregon on the date set forth below;

**X**    by transmitting full, true, and correct copies thereof  to the attorneys through the Court's CM/ECF system on the date set forth below;

☐    by causing a copy thereof to be hand-delivered to said attorney's address as shown above on the date set forth below;

☐    by personally handing a copy thereof to said attorney on the date set forth below;

☐    by sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to said attorney's last known address on the date set forth below; or

☐    by emailing a copy thereof to said attorney at his/her last-known email address on the date set forth below.


Dated this 4th day of November, 2009


By: ____s/Timothy E. Murphy_____
        Timothy E. Murphy