**Brenna K. Legaard, OSB No. 00165**
E-mail: brenna@chernofflaw.com
**Susan D. Pitchford, OSB No. 98091**
E-mail: sdp@chernofflaw.com
**CHERNOFF, VILHAUER, McCLUNG & STENZEL, LLP**
601 SW Second Avenue, Suite 1600
Portland, OR   97204
Telephone:  (503) 227-5631
Fax:  (503) 228-4373

    Attorneys for Defendants Shinhan Art Materials, Inc.,
    Shinhan USA, Inc., and C2F Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **TOO MARKER PRODUCTS, INC.,** a Japanese corporation, and **IMAGINATION INTERNATIONAL, INC.,** an Oregon corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>**SHINHAN ART MATERIALS, INC.,** a Korean corporation, **SHINHAN USA, C2F, INC.,** an Oregon corporation, and **BONGKEUN HAN,** an individual,<br><br>    Defendants. | Civil Case No. 09-1013-PK<br><br>**DECLARATION OF INKAP SONG IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**TRADEMARK CASE** |

    I, Inkap Song, hereby declare under penalty of perjury:

    1.    I am the President and CEO of Charm Art, Inc. located at 113 DeWitt Street, Suite 212, Garfield, NJ, 07026.  I am personally knowledgeable regarding the subject matter stated herein and make this declaration in support of Defendant's Response to Plaintiff's Motion for Temporary Restraining Order.

PAGE 1 – DECLARATION OF INKAP SONG IN SUPPORT OF DEFENDANTS' RESPONSE TO
      PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

2. From 2004 to the present, Charm Art, Inc. has been the exclusive distributor of Shinhan's TOUCH professional art marker product line ("TOUCH Art Markers") that is manufactured in Korea.

3. Attached as Exhibit 1 to this Declaration, is a spreadsheet I prepared that delineates sales of TOUCH Art Markers that my company made from 2004 through the date of this Declaration in the United States to the best of my immediate recollection.

4. The total amount of sales made by Charm Art, Inc, during this period was $226,336.

5. All sales of TOUCH Art Markers in the United States were either what Plaintiffs' have labeled "Version 2" or Version 3" in their briefing papers. This is a misnomer in regard to US sales of TOUCH Art Markers as there were only two versions sold in the U.S. These versions are labeled "Old" and "New" in Exhibit 1. In all cases, they were *black square bodied markers* of approximately the same size and identical in all respects except for the shape of the cap and the design of the cap ends.

6. The first sale of Old version TOUCH Art Markers was made on August 24, 2004 and the first sale of the New version TOUCH Art Marker was made on February 28, 2007.

7. Wholesale sales were made to 13 resellers with single and multiple nationwide outlets. Retail sales of TOUCH Art Markers were made, in turn, by these resellers in their retail outlets and on their websites. One wholesale sale was made to a nationwide distributor of art supplies, C2F. C2F made wholesale sales of TOUCH Art Markers to retailers nationwide. In addition, I attended at least four trade shows where I made both wholesale sales to resellers and some retail sales to consumers. These trade show appearances included the 2007 NAMTA trade show, which Too also attended and the 2008 Anime Expo of which Too was a "Patron Sponsor".

8. Exhibit 1 indicates those resellers that I am aware sold COPIC markers at the same time that they carried TOUCH Art Markers. In the case of my early sales to Jerry's Artarama, I have not been able to determine (given the short notice to prepare this declaration) whether Jerry's was also carrying COPIC at the same time that they purchased TOUCH Art Markers from my company.

9. All sales of the New version of TOUCH Art Markers made in the US from February, 2007 to now were made to resellers and distributors that also sold COPIC markers at

the same time, or, were made at tradeshow venues where COPIC also attended and sold its markers.

10.     Given the limited number of art supply retailers and distributors in the United States, Too Marker, Inc. and its distributor, Imagination International, Inc., were aware, or should have been aware that TOUCH Art Markers were being sold by their customers at the same time they were selling COPIC products.  Supporting this conclusion is the fact that numerous reseller catalogs and web pages repeatedly listed for sale and clearly delineated both TOUCH and COPIC markers at the same time.

11.     Moreover, I personally attended three (3) tradeshows in 2009, beginning in March, where both SHINHAN (represented by Charm Art, Inc.) and Too Marker (represented by Plaintiff Imagination International, Inc.) rented booth space to showcase their respective products.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

Dated: November 5, 2009

_____
Inkap Song

PAGE 3 – DECLARATION OF INKAP SONG IN SUPPORT OF DEFENDANTS' RESPONSE TO
        PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER