FILED
FEB 09 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TOO MARKER PRODUCTS, INC., et al.

Plaintiffs,

CV. 09-1013-PK

FINDINGS AND RECOMMENDATION

v.

SHINHAN ART MATERIALS, INC., et al.,

Defendants.

PAPAK, Judge:

Plaintiff Too Marker Products, Inc., a marker manufacturer, and Imagination International, Inc., Too Marker's U.S. distributor, pursue claims for trademark infringement, unfair competition and patent misuse, and claims for declaratory judgments under 28 U.S.C. § 2201, against defendants Shinhan Art Materials, Inc., Shinhan U.S.A., C2F, Inc., and Bongkeun Han. Defendants' motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim (#35) are now before the court. Defendants' motions should be granted, for the

reasons set forth below.

## BACKGROUND

Plaintiff Too Marker Products makes the Copic line of square-bodied markers. (Compl., #1, at. 4.) Too Marker owns United States Trademark Registration No. 3,629,617 for the product configuration of its square-bodied marker. *Id.* Too Marker distributes its markers in the United States through plaintiff Imagination International, Inc. *Id.*

Defendant Shinhan Art Materials also makes square-bodied markers, which it calls the Touch line. *Id.* Defendant C2F, Inc. distributes Touch markers in the United States. *Id.* at 5. In August 2009, plaintiffs sent a letter to C2F asking that it stop importing, distributing, advertising and selling Touch markers in the United States because they created a likelihood of confusion with Too Marker's Copic line. (Compl. Ex. B.) Defendant Shinhan USA responded in a letter stating in part that Too Marker's Copic line infringes Shinhan's '489 patent for the Touch line of markers. (Compl. Ex. C.)

Plaintiffs pursue claims for common law trademark infringement (Count III) and Lanham Act claims for trademark infringement and unfair competition (Counts I and II) against Shinhan Art Materials, Shinhan USA, C2F, Inc., and Bongkeun Han, the inventor listed on the '489 patent. (Compl. at. 5-10.) The complaint alleges that plaintiffs own a registered trademark for the design configuration of a square-bodied marker and that defendants manufacture, import and sell Touch markers, which have a configuration similar to plaintiffs' mark. *Id.* at 4, 5, 7-10. Apart from his role as the inventor listed on the Touch markers patent, the complaint's only other factual allegation that identifies Han states that his business address is in the Shinhan building. *Id.* at 3.

In addition to their trademark-related claims, plaintiffs pursue claims under the

Declaratory Judgment Act, seeking a declaration that the '489 patent is invalid (Count IV), that the '489 patent is unenforceable (Count V) and that plaintiffs' Copic line of markers does not violate the '489 patent (Count VI). (Compl. at 10-13.) The plaintiffs also pursue a claim for patent misuse (Count VII), based on allegations that the '489 patent lists Han as the sole inventor and that the Shinhan defendants claimed an interest in the patent despite having no interest in it. (Compl. at 13-14.)

After the plaintiffs filed suit, the defendants contacted the plaintiffs and indicated that they would execute a covenant not to sue with regard to the '489 patent. (Brooks Decl., #45, at 2.) Defendants then filed the covenant with their motion to dismiss. (Def.'s Mot. Dismiss, #35, Ex. A.) The covenant provides:

> Shinhan Art Materials and Shinhan USA LLC (including all divisions, subsidiaries, parents and affiliated companies), C2F, Inc. and Bongkeun Han (collectively "Shinhan") covenant not to sue Too Marker Products, Inc. (including all divisions, subsidiaries, parents and affiliated companies( ("Too Marker") for infringement of U.S. Patent No. D585,489 (the "'489 patent") arising from the past, present or future making, use, sale, offer to sell or importation of Too Marker's Copic line of square bodied markers, in the form such markers existed as of October 31, 2009.

*Id.* The covenant also extends to "Too Marker's direct or indirect customers, suppliers, manufacturers, distributors or end users." *Id.* The covenant, however, states that it does not extend to "any ornamental designs of markers . . . other than the Copic line of square bodied markers, in the form such markers existed as of October 31, 2009." *Id.*

## LEGAL STANDARDS

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

The Declaratory Judgment Act provides, in relevant part, "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate

pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In an action for a declaratory judgment of patent invalidity or non-infringement, Federal Circuit law governs whether the action meets the Declaratory Judgment Act's "actual controversy" requirement. *Minn. Mining & Mfg. Co. v. Norton Co.*, 929 F.2d 670, 672 (Fed. Cir. 1991).

The party seeking jurisdiction under the Declaratory Judgment Act must prove that "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). Moreover, "an actual controversy must be extant at all stages of review, not merely at the time the complaint [was] filed." *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007) (citation omitted).

## II. Motion to Dismiss for Failure to State a Claim

To survive a motion to dismiss for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must plead affirmative factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009), citing *Iqbal*, 129 S. Ct. at 1949.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations

contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Moreover, courts construe all the facts alleged in the complaint in the light most favorable to the plaintiff. *Moss*, 572 F.3d at 967. If the court dismisses for failure to state a claim, the court should grant leave to amend, unless it determines that the pleading could not possibly be cured by amendment. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## DISCUSSION

Defendants move to dismiss plaintiffs' declaratory judgment claims on the ground that this court lacks subject matter jurisdiction to hear those claims. Defendants also move to dismiss plaintiffs' patent misuse cause of action for failure to state a claim. In addition, defendants contend that plaintiffs fail to state a claim for trademark infringement or unfair competition against Bongkeun Han. I address each argument below.

### I. Motion to Dismiss Declaratory Judgment Claims for Lack of Subject Matter Jurisdiction

Whether a covenant not to sue will divest the trial court of jurisdiction over a declaratory judgment cause of action "depends on what is covered by the covenant." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009). Covenants not to sue that cover current products, including products sold after the covenant, may eliminate any actual controversy. *Id.* at 1297-1298 (discussing cases). Moreover, a covenant's failure to address potential future products does not suffice to create an actual controversy if those products are not yet in existence and are not included in the charge of infringement. *See id.* at 1297 citing *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999). An actual controversy may exist, however, when a patentee merely states that it will not sue, but "has engaged in a

course of conduct that shows preparedness and willingness to enforce its patent rights" despite that statement. *Id.* citing *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1383 (Fed. Cir. 2007).

Defendants contend that their covenant not to sue eliminates any actual controversy regarding the '489 patent and thereby deprives this court of jurisdiction over plaintiffs' declaratory judgment claims. Defendants' motion asserts that they covenanted not "to assert any claim of patent infringement against Plaintiffs under the '489 patent, with respect to any product that plaintiffs currently advertise, manufacture, market or sell. (Def.'s Mot. Dismiss at 2.) The actual covenant, however, is limited to Too Markers' Copic line. Plaintiffs oppose the defendant's motion to the extent that the actual covenant not to sue applies.

Plaintiffs argue that the defendants should be bound by the description of the covenant set forth in their motion, which states that the covenant applies to all products. I find this argument unpersuasive. Although defendants could have avoided the problem of a broader reading of the covenant had they accurately described it in their motion, I can perceive no reason to hold them to their misstatement. The covenant, as written, eliminates an actual controversy because it promises not to sue the plaintiffs for their current or future sale or production of the Copic line, the only product at issue in plaintiffs' declaratory judgment claims. *See Revolution Eyewear, Inc.*, 556 F.3d at 1297. Moreover, the covenant applies to all of the plaintiffs because it extends to "Too Marker's direct or indirect customers, suppliers, manufacturers, distributors or end users." The court, therefore, should grant defendants' motion to dismiss plaintiffs' declaratory judgment claims (Counts IV, V and VI). Plaintiffs, however, should have leave to amend to allege claims related to current products not covered by the covenant as written.

Finally, plaintiffs contend that dismissal of their declaratory judgment claims should not

affect their discovery efforts or their ability to present evidence related to the '489 patent. Plaintiffs' argument is premature. Should plaintiffs encounter issues with discovery or evidentiary matters, they may bring them to the courts attention at that time.

## II. Motion to Dismiss for Failure to State a Claim

### A. Motion to Dismiss Claim for Patent Misuse

The doctrine of patent misuse is an extension of the equitable doctrine of unclean hands, whereby a court of equity will not lend its support to enforcement of a patent that has been misused. *B. Braun Med., Inc. v. Abbott Laboratories,* 124 F.3d 1419, 1427. (Fed. Cir. 1997). The doctrine serves "to restrain practices that did not in themselves violate any law, but that drew anticompetitive strength from the patent right, and thus were deemed to be contrary to public policy." *Mallinckrodt, Inc. v. Medipart, Inc.*, 976 F.2d 700, 704 (Fed. Cir. 1992). "The defense results in rendering the patent unenforceable until the misuse is purged. It does not, however, result in an award of damages to the accused infringer." *B. Braun Med., Inc.*, 124 F.3d at 1427. Thus, "[m]ost courts . . . have held that a defense of patent misuse 'may not be converted to an affirmative claim for damages simply by restyling it as a declaratory judgment counterclaim.'" *Shuffle Master, Inc. v. Awada*, No. 05-1112, 2006 U.S. Dist. LEXIS 71748, at *10 (D. Nev. Sept. 27, 2006) quoting *Braun*, 124 F.3d at 1427; *see also U.S. Philips Corp. v. Int'l Trade Comm'n*, 424 F.3d 1179, 1184 (Fed. Cir. 2005) ("Patent misuse is an equitable defense to patent infringement.").

Here, defendants argue that plaintiffs' patent misuse cause of action fails to state a claim because patent misuse is not an independent cause of action, but rather an affirmative defense to a charge of infringement. Plaintiffs offer no opposition to defendant's argument. The court should therefore dismiss plaintiffs' claim for patent misuse (Count VII) with prejudice.

**B. Motion to Dismiss Trademark and Unfair Competition Claims Against Defendant Han**

"Common law and statutory trade-mark infringements are merely specific aspects of unfair competition." *New West Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979); *see also Classic Instruments v. Vdo-Argo Instruments*, 73 Or. App. 732, 736, 700 P.2d 677 (1985). "The Lanham Act created a federal protection against two types of unfair competition, infringement of registered trademarks, 15 U.S.C. § 1114, and the related tort of false designation of the origin of goods, 15 U.S.C. § 1125(a)." *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 915 (9th Cir. 1980). Although there are distinct federal and state rights, "federal and state laws regarding trademarks and related claims of unfair competition are substantially congruent." *Id.*

Here, plaintiffs pursue an Oregon common law trademark infringement claim and Lanham Act claims for trademark infringement and unfair competition against all of the defendants. Those claims all require that the items in question were used in a manner "likely to cause confusion" among customers or users. 15 U.S.C. § 1114; 15 U.S.C. § 1125(a)(1)(A); *New West Corp.*, 595 F.2d at 1201; *Classic Instruments*, 73 Or. App. at 736; *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 985 F. Supp. 949, 956, 959 (C.D. Cal. 1997) (examining whether the defendant used a registered trademark in connection with a sale, distribution or advertising of goods or services before considering whether the use created a likelihood of confusion).

Here, the complaint and its exhibits include no factual allegation that Han himself manufactures, sells or distributes Touch markers. Rather, the plaintiffs allege that they own a registered trademark for the configuration of a square-bodied marker and that defendants

manufacture, import and sell Touch markers, which have a configuration confusingly similar to plaintiffs' mark. The exhibits suggest that the Shinhan defendants manufacture the markers and that C2F distributes them. The complaint also alleges that the Shinhan defendants claimed an interest in the '489 patent despite having no rights under the patent. The only factual allegations that name Han, however, state that the '489 patent lists Han as the inventor and that Han's business address is in the Shinhan building.

Plaintiffs argue that Han's act of filing the '489 design patent application suggests that he was personally involved in the copying and sale of Touch markers. A defendant may be liable for contributory infringement if the defendant: "(1) intentionally induced the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." *Perfect 10, Inc. v. Visa Int'l Serv. Assoc.*, 494 F.3d 788, 807 (9th Cir. 2007) (citation omitted). Alternately, a defendant may be vicariously liable for trademark infringement if "the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *Id.* Plaintiffs, however, have not pled facts to support either theory of liability. Accordingly, the court should dismiss the trademark and unfair competition claims against Han with leave for plaintiffs to amend to clarify the basis for their trademark and unfair competition claims against him.

## CONCLUSION

The court should grant defendants' motion to dismiss (#35) plaintiffs' declaratory judgment claims (Counts IV, V and VI) with leave for the plaintiffs to amend. The court should dismiss plaintiffs' patent misuse claim (Count VII) with prejudice. Finally, the court should grant defendants' motion to dismiss the trademark and unfair competition claims (Counts I, II and III)

against defendant Han with leave for plaintiffs to amend.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 9th day of February, 2010

Honorable Paul Papak
United States Magistrate Judge