FILED

OCT 0 8 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TOO MARKER PRODUCTS, INC. a
Japanese corporation, and
IMAGINATION INTERNATIONAL,
INC., an Oregon corporation,

Plaintiffs,

CV 09-1013-PK

OPINION AND ORDER

SHINHAN ART MATERIALS, INC., a
Korean corporation, SHINHAN USA,
C2F, INC., an Oregon corporation, and
BONGKEUN HAN, an individual,

Defendants.

PAPAK, Judge:

On October 1, 2010, this court issued an Opinion and Order (#133) addressing plaintiffs'

motion to compel and unseal declarations (#116). In that Opinion and Order, I granted plaintiffs'

Page 1 - OPINION AND ORDER

motion to compel and ordered defendants to produce unredacted versions of the email communications bearing Bates Numbers SH0256-58, SH0263-68, and SH0270-71, but permitted defendants to redact the email communication found at the top of Bates Number SH0267, since I was advised that the particular communication was not within the scope of plaintiffs' motion. Now I am advised that plaintiffs' motion also applies to the email communication found at the top of Bates Number SH0267 and thus I issue this supplemental Opinion and Order specifically addressing that document.

## DISCUSSION

In their motion to compel, plaintiffs' addressed their arguments generally to a group of allegedly privileged emails, contending that: (1) the emails are not covered by the attorney-client privilege; (2) if the emails are privileged, defendants waived the privilege by intentionally producing other communications regarding the consumer survey and putting the substance of those communications at issue ; and (3) the crime/fraud exception to the privilege applies because the emails were created in furtherance of spoliation of evidence. Thus, I assume these same concerns apply to this particular email. In the email, Shinhan's general counsel Mark Garfinkel writes to two Shinhan executives, Steven Berman and Chang Won, asking permission to conduct additional research concerning future consumer surveys. The email follows others in a series of correspondences between Dr. Song, Garfinkel, and Shinhan executives concerning the consumer survey conducted by Song.

First, I find that the email is not protected by the attorney-client privilege. Fundamentally, "[t]he attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, . . . as well as an attorney's advice in response to

such disclosures." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (9th Cir. 2009) (quoting *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997)). As I explained in my previous Opinion and Order, the entire email string aside from this email consists of communications between the attorney (Garfinkel) and a third party (Song), with Shinhan executives as passive observers. Thus, I found that the privilege did not apply to those emails because they were neither confidential disclosures made by a client to obtain legal advice nor attorney responses to such disclosures. Here, despite that the communication at issue was from Garfinkel directly to his clients, I reach a similar conclusion. Garfinkel's message was not responsive to any implicit or explicit request for legal advice. Rather, my *in camera* review shows that Garfinkel wrote the email to Shinhan executives on his own initiative, proactively commenting on the prior string of non-privileged communications. Thus, the email is not privileged. *See Ruehle*, 583 F.3d at 607 (quoting *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002)) ("The fact that a person is a lawyer does not make all communications with that person privileged.") Consequently, plaintiffs' arguments concerning waiver of the privilege and the crime/fraud exception to the privilege do not apply.

Even though the email is not privileged, I do find that it is otherwise protected from disclosure by the work product doctrine. Work product is generally defined as "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative. . . ." Fed. R. Civ. P. Rule 26(b)(3). Moreover, Rule 26(b)(3) protects against the disclosure of what is known as opinion work product: "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *Id.* The Ninth Circuit has held that opinion work product may be discovered and admitted only

"when mental impressions are at issue in a case and the need for the material is compelling."

*Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992). The party

seeking the opinion work product must make that showing. *Id.* Here, Garfinkel's mental

impressions are at issue because, in litigating plaintiffs' motion for sanctions, the parties

disagreed about whether Garfinkel acted in bad faith in responding to interrogatories concerning

the survey. Nevertheless, since I am not inclined to change my conclusion that Garfinkel did not

act in bad faith based on my additional consideration of this email, plaintiffs have failed to

demonstrated a compelling need for the email. Thus, plaintiffs have not met their burden to

compel discovery of this email.


## CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel (#116) is denied as to the email

communication found at the top of Bates Number SH0267 between counsel Mark Garfinkel and

Shinhan executives Steven Berman and Chang Won. Defendants may redact that email when

producing the communications that this court has previously ordered to be disclosed.


Dated this 7th day of October, 2010.

Honorable Paul Papak
United States Magistrate Judge